UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DeANDRE L. KENDRICK,<br><br>Plaintiff,<br><br>v.<br><br>VODKA MANUFACTURING CORPORATION,<br><br>Defendant. | CAUSE NO.: 2:25-CV-512-TLS-AZ |

**OPINION AND ORDER**

DeAndre L. Kendrick, a prisoner without a lawyer, filed a frivolous complaint that does not state a claim. ECF 1. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Even giving Kendrick's complaint a liberal construction, as the court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), there are no possible facts that would allow this complaint to proceed.

Kendrick alleges that on November 30, 2025, while incarcerated at Westville Correctional Facility, he called the Vodka Manufacturing Corporation. He says that when the receptionist who answered the phone learned that he was a black African American, she stated that she had to end the call. Before he could ask why, the call was over. He alleges the Vodka Manufacturing Corporation violated his Eighth Amendment rights by subjecting him to racial discrimination.

Kendrick cannot sue the Vodka Manufacturing Corporation under the Eighth Amendment, or any constitutional provision, because the Constitution constrains only

government action and not private companies. *See, e.g.*, *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be."). Sometimes private conduct can be considered state action when there is sufficient state involvement. *See id.* at 815–16 (listing ways private conduct can be attributable to the state). No such governmental connection is alleged in the complaint, nor is it plausible that any connection would exist.

There are statutes that prohibit a private party from discriminating on the basis of race in making contracts. *See* 42 U.S.C. § 1981; 42 U.S.C. § 1982. But it is frivolous for Kendrick to assert a claim of racial discrimination in the making of a contract based on one phone call where no sale was even mentioned. Moreover, he is in prison where alcohol is not permitted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 5, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT